MEMORANDUM ***
Patrick Brady (Brady) appeals from the district court’s denial of his motion for reconsideration after its grant of summary judgment to Hanger Orthopedic, Inc., et al. (Hanger). We affirm.
Brady contends, for the first time on appeal, that the district court erred under Federal Rule of Civil Procedure 26 (Rule 26) in crediting Hanger’s argument that Brady could not survive summary judgment because he had failed to disclose an expert witness to support his theory of causation. Because Brady did not raise this issue before the district court, it is waived. See Crawford v. Lungren, 96 F.3d 380, 389 n. 6 (9th Cir.1996).
 Brady also asserts that the district court abused its discretion in failing to find “excusable neglect” under Rule 60(b)(1). Brady did not mention Rule 60 or raise the issue of “excusable neglect” under Rule 60(b)(1) in his motion for reconsideration. Thus, the “excusable neglect” issue is waived. Crawford, 96 F.3d at 389 n. 6. In any event, Brady has not demonstrated that the district court abused its discretion under the “excusable neglect” standard. Brady’s motion for reconsideration did not state that he was unaware of Hanger’s motion for summary judgment or unable to request an extension for the entire time period before his response was due. Thus, Brady failed to provide a good reason for his failure to file an opposition, and the district court’s denial of relief was within its discretion. See Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir.2004) (en banc) (noting that “the decision whether to grant or deny an extension of time ... should be entrusted to the discretion of the district court because the district court is in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers ..., and the likelihood of injustice” if relief were denied).
Brady also raises the “excusable neglect” issue on appeal under Rule 6(b). Here too, Brady failed to raise the “excusable neglect” issue or mention Rule 6 at all before the district court and so waived the issue on appeal. Furthermore, were we to reach the issue, the “excusable neglect” test is the same under Rules 60(b)(1) and 6(b), see Pincay, 389 F.3d at 855; Committee for Idaho’s High Desert, Inc. v. Yost, 92 F.3d 814, 825 n. 4 (9th Cir.1996), and, in any event, under Rule 6(b)(2), Rule 60(b) would control as it governs relief from a final judgment or order.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.